UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson, # 294233, | ) | C/A No. 5:13-2899-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Dr. Thomas E. Byrne, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Corey Jawan Robinson ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a prisoner at Lieber Correctional Institution in Ridgeville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The Complaint names one Defendant: Dr. Thomas E. Bryne, a medical doctor who treats inmates within the South Carolina Department of Corrections ("SCDC"). The undersigned recommends that several of Plaintiff's potential causes of action be summarily dismissed, and that service issue and Defendant respond to others, as discussed and limited below.

## BACKGROUND

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Section § 1915 of Title 28 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."

This is the twelfth civil action filed by Plaintiff relating to his prison conditions since 2007. *See* Civil Action Nos. 5:13-2389; 5:13-1899; 5:13-504; 5:12-3358; 5:12-502; 5:11-3346; 5:10-2593; 4:10-157; 4:07-3757; 4:07-3321; 4:07-1077. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). The majority of his cases have involved repeated claims of allegedly excessive force behavior by prison guards, alleged medical indifference by prison medical-provider personnel, alleged ineffective grievance process, and alleged denial of access to court. *Id*. Currently pending before the court are four separate cases, each filed against many of the same SCDC employees/officials and each based on allegations that are quite similar, though not identical, to those contained in the Complaint now under review and in many of Plaintiff's prior cases that are no longer pending. *See* Civil Action Nos. 5:13-2389 (gassing incident re: head injury; medical indifference); 5:13-1899 (gassing incident re: food tray; one defendant); 5:13-504 (head injury; medical indifference; multiple defendants); 5:12-3358 (cellmate attack; indifference to inmate safety; multiple defendants).

In the Complaint filed in this case and currently under initial review, Plaintiff primarily alleges medical indifference by Defendant Dr. Byrne to several of Plaintiff's allegedly chronic illnesses: 1) sarcoidosis in lungs and brain; 2) glaucoma in one eye; 3) digestive problems with weight loss, and 4) grievance process obstruction. ECF No. 1 at 4, 6. Plaintiff asserts that he is being subjected to lengthy delays in his ability to seek outside medical care, and that Defendant refuses to comply with outside physicians' medication/treatment recommendations when outside assistance is finally obtained. *Id*. Plaintiff also asserts that the medical records from Lieber prison that this court has relied on in the past are, at best, confusing and, at worst, unreliable and filled with incorrect statements and diagnoses. He seems to repeat many of the same

2

facts about prior gassing incidents and problems with SCDC employees who are not named Defendants in this case.

Plaintiff complains that Defendant's indifference resulted in his (Plaintiff) remaining on the medication Prednisone for his sarcoidosis for over four years without any return for follow-up with the specialist. *Id.* at 6. Plaintiff alleges that the outside neurologist's directions were that the medication (Prednisone) not be a "long-term treatment." *Id*. Also, Plaintiff asserts that Defendant (or others not named as parties) are conspiring to deny him medical care by placing incorrect notations in his records regarding his acceptance/refusal of vitamins, antibiotics, eye drops (all which he says he never refused), and prednisone (which he acknowledges that he did refuse when he realized it was making him sick because it was being given too long). *Id.* at 7-9. Finally, Plaintiff complains that he is unable to fully litigate some of his pending cases because the grievance system at Lieber prison is being obstructed as to some of his gassing and medical indifference claims in other cases (not the Sarcoidosis/prednisone problems here), thus, Plaintiff claims that there is a conspiracy to violate his access-to-court rights. *Id. at* 10-12. He asks for a jury trial, and seeks compensatory and punitive damages, injunctive, and declaratory relief. *Id.* at13.

## PRO SE AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97(1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, certain causes of action arguably intended to be pled are subject to dismissal at this time.

## DISCUSSION

To the extent that Plaintiff claims that Defendant Byrne is engaging in a "conspiracy" to falsify and/or confuse Plaintiff's medical records and prevent the processing of his grievances and, thereby, violate his constitutional rights, such a conspiracy claim should be summarily dismissed and Defendant Byrne should not be required to respond to such claim. Plaintiff's allegations of conspiracy are too vague, conclusory, and confusing to be given credence. In the case of *Ruttenberg v. Jones*, 283 F. Appx. 121 (4th Cir. 2008), the Fourth Circuit Court of Appeals held that complaints attempting to state § 1983 conspiracy claims must allege sufficient facts to show a "plausible suggestion of conspiracy." 283 Fed. Appx. at 132. This requires that the

4

plaintiff plead facts that would "'reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" *Ruttenberg*, 283 F. Appx. at 132 (quoting from *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)).

In the Complaint under review, Plaintiff never specifically alleges that Defendant had any kind of agreement or mutual understanding with anyone about medical records, grievances, or anything else regarding Plaintiff's incarceration. When he references "conspiracy" within the body of the Complaint, Plaintiff's allegations are about things that unnamed nurses or other medical staff did with respect to his medications and/or records about medications. ECF No. 1 at 8-9. He also uses the term "Defendants" when referring to an alleged conspiracy to deny him access to courts even though there is only one Defendant named in this case. *Id.* at 10-11. None of the alleged conspiracies concerning medication, records, or access to court is specifically tied to the only Defendant named in this case, Dr. Byrne, and none of the allegations show any kind of mutual agreement between Dr. Byrne and anyone. Plaintiff's use of the term "Defendants" is confusing and lacking in sufficient specificity as to allow the court to infer that any kind of understanding or agreement was reached by anyone to do anything harmful to Plaintiff. Without the names of the persons who allegedly reached some agreement or understanding together, regardless of what they supposedly agreed to, the court is unable to find that Plaintiff has alleged sufficient facts to show a "plausible suggestion of conspiracy."

Also, in association with his conclusory statements that someone "conspired" or engaged in "conspiracy," *id.* at 8-11, Plaintiff fails to allege any facts that would show any positive or tacit "mutual understanding to try to accomplish a common and unlawful plan." Importantly, he does not state that Defendant Byrne expressly contacted SCDC staff members to tell them to change Plaintiff's records about medications or to reject his grievances to keep him out of court. There simply are no allegations of express

or tacit agreement among Defendant and anyone else. Accordingly, the Complaint submitted in this case completely fails to establish a plausible conspiracy claim against the named Defendant so no response should be required from him to Plaintiff's claims of "conspiracy."

Additionally, insofar as Plaintiff claims that his federal constitutional right of access to courts is being violated by Dr. Byrne because of the problems with the grievance system at Lieber, no plausible § 1983 claim is stated by such allegations. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). In order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable, must show that the official personally caused or played a role in causing the deprivation of a federal right of which he complained. *See Graham*, 473 U.S. at 166. Further, it is well established that to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). The complaint must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). In any event, it is well settled that inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any

6

other statute. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") Thus, there is no constitutional right to file a grievance, and there is no constitutional right to have a grievance timely determined within the prison system.

Plaintiff alleges that he is having problems getting grievances through the SCDC process and that, as a result, his inability to fully exhaust his administrative remedies is negatively affecting his ability to litigate his other cases. ECF No. 1 at 10-12. He does not state that any of his cases have been dismissed because of Defendant Dr. Byrne's obstruction of the grievance process. In fact, no injury to Plaintiff's access-to-court rights is alleged and Dr. Byrne is not specifically referenced in any of the allegations about grievance problems. The lack of allegations of Bryne's "personal involvement" alone precludes any finding that a plausible § 1983 claim for denial of access to court is stated against him. But, also, there is no constitutional right to a working grievance system and no plausible § 1983 claim is stated against anyone arising from the grievance allegations. Any interference by Dr. Byrne or others with the working of the grievance process in place does not violate Plaintiff's federal constitutional rights, and no plausible § 1983 claim arises from those allegations.

Having carefully reviewed the allegations in the Complaint in light of applicable rules and legal authority, the undersigned finds that the only plausible federal and/or state claims stated for litigation against Defendant Byrne in this case are those arising from his treatment or lack thereof of Plaintiff's sarcoidosis, glaucoma, and alleged digestive problems with weight loss. The head injury that is often referenced in this Complaint is subject matter in one or more of Plaintiff's other pending cases, and should not be a part of this case. As a result, the undersigned recommends service and answers on Plaintiff's medical indifference claims.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the non-plausible causes of action for conspiracy, denial of access to court, grievance obstruction, and medical indifference for any alleged problem except sarcoidosis, glaucoma, and stomach problems with weight loss.  Service of process should issue for and the Complaint be served on Defendant Byrne, but he will be directed to respond only to the medical indifference allegations relating to sarcoidosis, glaucoma, and stomach problems with weight loss.

IT IS SO RECOMMENDED.

January 2, 2014                                                        Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).