UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Corey Jawan Robinson,                )        C/A No. : 5:13-cv-2899-JMC-KDW
                                     )
                                     )
            Plaintiff,               )
                                     )
    v.                               )        Report and Recommendation
                                     )
Dr. Thomas E. Byrne,                 )
                                     )
                                     )
            Defendant.               )
                                     )

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

This matter is before the court on the Plaintiff's Motion for Immediate Outside Treatment, ECF

No. 33.   Defendant filed a response in opposition to Plaintiff's motion on April 7, 2014.  ECF

No. 38.  Plaintiff filed a reply to Defendant's response on April 16, 2014.  ECF No. 43. Pursuant

to United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate

judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. §

1983.

        In Plaintiff's Motion for Immediate Outside Treatment, which the court will construe as a

motion for the court to issue a preliminary injunction, Plaintiff seeks treatment from a "specialist

sarcoidosis doctor" for his sarcoidosis condition arguing that his condition has worsened and he

is "over due for a lung function test." *Id.* at 2.   Defendant opposes Plaintiff's motion arguing

that "[t]he medical records furnished by [South Carolina Department of Corrections] show

definitively that [Plaintiff] is being seen by the SCDC nursing staff and Dr. Byrne for his

complaints on a regular basis."  ECF No. 38.  In reply, Plaintiff contends he is "overdue for

outside medical treatment" and that he "has evidence that prednisone is not a long term treatment medication." ECF No. 43 at 1.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief" and "must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind."  *Microsoft Corp. Antitrust Litg.*, 333 F.3d 517, 526 (4th Cir. 2003).

The undersigned has reviewed Plaintiff's motion, Defendant's opposition, and Plaintiff's reply, and finds that Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction as Plaintiff has not established that he will suffer irreparable harm, or that there is a likelihood that he will eventually succeed on the merits of his Complaint. Plaintiff's conclusory allegations concerning his health and the injuries he will suffer as a result of delayed treatment are not supported by medical records or affidavits from doctors, and

Plaintiff's own affidavit, *see* ECF No. 43-1, inmate Jemel Scriven's affdavit, *see* ECF No. 43-2,

and a printout from the National Heart, Lung, and Blood Institute website on Sarcoidosis, *see*

ECF No. 43-4, are insufficient evidence to warrant the grant of injunctive relief.  Accordingly,

the undersigned recommends that Plaintiff's Motion for Immediate Outside Treatment, ECF No.

33, be denied.


        IT IS SO RECOMMENDED.


April 22, 2014                          Kaymani D. West
Florence, South Carolina                United States Magistrate Judge