UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson #294233, | ) | C/A No. 5:13-cv-2899-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Dr. Thomas E. Byrne, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court on Defendant Dr. Thomas E. Byrne's Motion for Summary Judgment filed on May 30, 2014. ECF No. 58. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on June 2, 2014, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 59. Plaintiff responded to Defendant's Motion on June 27, 2014. ECF No. 62. Defendant Byrne filed a Reply on July 10, 2014. ECF No. 63. This Motion is now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

    I.    Factual and Procedural Background

Corey Jawan Robinson, a pro se litigant, is currently an inmate housed at Lieber Correctional Institution ("LCI"). Plaintiff filed this action on October 3, 2013, and alleged that Defendant is "reliable (sic) for [his] federal and state constitutional rights violation of (1)

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Deliberate Indifference (2) 8th Amendment (3) 14th Amendment (4) Conspiracy (5) Gross Negligence (6) Medical Malpractice. ECF No. 1 at 4. Plaintiff filed this action after returning from a neurologist appointment where he maintains he learned that he should not have been taking Prednisone "for so long" and needed to see a lung doctor and a sarcoidosis doctor. *Id.* Plaintiff alleges he suffers from three main diagnoses—sarcoidosis, glaucoma, and a stomach injury. *Id.* at 6. Plaintiff maintains that Defendant has not properly assessed his medical condition and evidence shows a conspiracy to deny and intentionally interfere with his prescribed medication and treatment. *Id.* at 6-8.

Additionally, Plaintiff maintains he was denied his right to the grievance system because his grievances were returned unprocessed. *Id.* at 5. Further, he maintains that "Defendants (sic) has (sic) conspired to deny [him] access to the court, which is a form of retaliation, and harassment. . . ." *Id.* at 10. He alleges that his grievances have not been responded to, and he has submitted many requests to staff. *Id.* Plaintiff seeks immediate outside treatment and other injunctive relief; $100,000 in compensatory damages; $100,000 for punitive damages. *Id.* at 11; 13. Additionally, Plaintiff requests the court exercise supplemental jurisdiction over his state claims and a non-jury trial. *Id.* at 13.

Previously, the undersigned recommended that the court dismiss Plaintiff's causes of action for conspiracy, denial of access to court, grievance obstruction, and medical indifference to claims other than sarcoidosis, glaucoma, and stomach problems with weight loss. *See* ECF No. 14. Thereafter, the court accepted the undersigned's ruling and recommendation and dismissed those claims. *See* ECF No. 23. Accordingly, the undersigned will only address the merits of Plaintiff's surviving cause of action in this Report and Recommendation.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III.     Analysis

1. Deliberate Indifference to Medical Needs

Defendant argues he did not violate Plaintiff's constitutional rights and was not deliberately indifferent to his serious medical needs. ECF No. 58-1 at 5. Additionally, Defendant maintains that matters of medical judgment or disagreements between an inmate and a physician over the inmate's proper medical care are not enough to sustain a § 1983 action. *Id.* at 6.

To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, a plaintiff must present evidence sufficient to create a genuine issue of fact that the defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-35 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846.  An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] . . . by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The Fourth Circuit Court of Appeals defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted).  A medical condition is also

serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The undersigned finds that Plaintiff has not offered any evidence that would support a finding that Defendant intentionally or recklessly disregarded Plaintiff's medical needs or delayed Plaintiff's access to medical care. In support of his argument, Defendant submitted his affidavit for the court's review. ECF No. 58-3. Defendant averred that Plaintiff was diagnosed with sarcoidosis of the brain and lungs and was prescribed Prednisone to treat the inflammatory disease. *Id.* at 2. However, medical encounters indicate that Plaintiff has consistently refused to take Prednisone. *Id.*; ECF No. 58-4 at 13; 14; 31; ECF No. 58-7 at 3, 5. Defendant opined that Plaintiff does not need a specialist outside of the neurological and pulmonary specialists he has already seen. *Id.* at 1-2.

Plaintiff was diagnosed with glaucoma after being seen by the ophthalmologist on June 6, 2011. *Id.* at 2. The ophthalmologist recommended Plaintiff be treated with Travatan, but Plaintiff was prescribed Xalatan eye drops which is essentially the same drug and on the SCDC formulary. *Id.*; 58-4 at 34. Plaintiff returned to the ophthalmologist on December 11, 2013, and the ophthalmologist recommended Plaintiff use Xalatan eye drops. *Id.*; ECF No. 58-4 at 5. However, Plaintiff refused this medication on December 28, 2013. *Id.*; ECF No. 58-4 at 4. Plaintiff was approved for an ophthalmologist follow-up visit on January 17, 2014. *Id.*; ECF No. 58-4 at 3.

Since his diagnosis with neurosarcoidosis, Plaintiff has seen an outside neurologist twice. ECF No. 58-6 at 7, 13. Plaintiff's September 2, 2010 visit indicates that the steroid treatment he had received largely resolved his neurological issues, and the neurologist recommended Plaintiff see a pulmonologist. ECF No. 58-6 at 7-8. Plaintiff visited the Pulmonary Clinic on October 13,

5

2010, and medical notes indicate that he was stable and that there was nothing else for the pulmonologist to do at that time. ECF No. 58-6 at 9. Plaintiff returned to USC Neurology on August 28, 2013, and the physician's notes indicated Plaintiff was stable from a neurological perspective. ECF No. 58-6 at 13. Defendant also opines that based on his own examination, he also believes that Plaintiff is neurologically stable. ECF No. 58-3 at 3.

With regard to Plaintiff's stomach problems, medical records indicate that Plaintiff has been seen for complaints. Plaintiff was given a peg tube in his stomach when he came down with a major infection and was hospitalized. ECF No. 58-63 at 3. On April 10, 2013, Plaintiff reported that he was having blood in his stool, but when his blood was drawn for testing on April 11, 2013, the results came back within normal limits. ECF No. 58-4 at 15-16. Later results from testing Plaintiff's stool sample were negative for blood in his stool. ECF No. 58-4 at 8. Plaintiff received another normal blood test on October 3, 2013. ECF No. 58-4 at 8. Plaintiff's weight was closely monitored on a weekly basis due to his consistent complaints of weight loss, but has always been within normal limits for his height. ECF No. 58-4. Defendant opined that at no time did Plaintiff have objective findings of stomach pathology or ailment, nor was he experiencing dangerous or unhealthy weight loss. ECF No. 58-3 at 4.

Plaintiff was treated with Albuterol when he reported wheezing and shortness of breath on January 22, 2014. ECF No. 58-4 at 2. Defendant opined that a pulmonology follow up was medically unnecessary. ECF No. 58-2 at 4. Based on examinations and recommendations by specialists, Plaintiff's condition is stable, and he is not in need of any other specialist treatment. *Id.* Furthermore, a CT scan of Plaintiff's head and an x-ray of Plaintiff's chest revealed no abnormalities other than some minor scarring due to the sarcoidosis. ECF Nos. 58-3 at 9; 58-9.

The record before the court demonstrates that Plaintiff has received consistent treatment for his ailments, including treatment from specialists. Moreover, Plaintiff's cause of action for medical malpractice and gross negligence are not cognizable § 1983 claims. Although Plaintiff may disagree with the amount of treatment he received or may object to the medical staff's attitude towards him, such allegations do not constitute a constitutional deprivation. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). As the Fourth Circuit Court of Appeals articulated:

> Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983. The standard for § 1983 liability is deliberate indifference to serious medical needs. Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.

*Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (internal citations omitted). Here, at best, Plaintiff's claim amounts to medical malpractice and is not a proper § 1983 claim. *See id.* The undersigned finds that the record does not contain facts that demonstrate Defendant knew of and disregarded Plaintiff's serious medical needs. Rather, the record before the court indicates that Plaintiff was treated for various medical complaints, including his three main diagnoses—sarcoidosis, glaucoma, and a stomach injury. Therefore, the undersigned finds that the record does not contain facts that demonstrate Defendant knew of and disregarded Plaintiff's serious medical needs. On the contrary, the record demonstrates Defendant regularly assessed Plaintiff and concluded he did not need different or outside medical attention. Accordingly, the undersigned recommends that Defendant be granted summary judgment on Plaintiff's medical indifference claim.

2. State Law Claims

Plaintiff also alleges claims for gross negligence and medical malpractice in violation of state law. Having found that Defendant is entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. See 28 U.S.C. § 1367(c)(3).

3. Qualified Immunity

Defendant asserts he is entitled to qualified immunity on Plaintiff's claims. ECF No. 58-1 at 10-11. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation

he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows that Defendant performed the discretionary functions of his respective official duties in an objectively reasonable fashion. Defendant did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the exercise of his respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant be granted qualified immunity.

### 4. Eleventh Amendment Immunity

Finally, Defendant maintains that he should be entitled to summary judgment under the Eleventh Amendment. ECF No. 58-1 at 11. The undersigned agrees. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because Defendant was an agent or employee of the State of South Carolina when acting in his official capacities, he is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A state cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663.

9

The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). As an arm of the State, Defendant, in his official capacity, is immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant in his official capacity be dismissed.

V.  Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 58, be GRANTED.

IT IS SO RECOMMENDED.

November 21, 2014                                               Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**