# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) | |
| ) | Civil Action No. 5:13-cv-2899-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Dr. Thomas E. Byrne, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Corey Jawan Robinson ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that "Defendant Dr. Thomas E. Byrne [('Defendant')] is reliable [*sic*] for my Federal and State Constitutional rights violation of (1) Deliberate Indifference (2) 8th Amendment (3) 14th Amendment (4) Conspiracy (5) Gross Negligence [and] (6) Medical Malpractice." (ECF No. 1 at 4.) This matter is before the court on Defendant's Motion for Summary Judgment. (ECF No. 58.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to Magistrate Judge Kaymani D. West for pretrial handling. On November 21, 2014, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending the court grant Defendant's Motion for Summary Judgment. (ECF No. 64 at 10.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed December 8, 2014. (ECF No. 66.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 58) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural background found in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 64.) However, a recitation of the relevant facts and procedural history is warranted.

Plaintiff is currently incarcerated at Lieber Correctional Institution, within the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 3). Plaintiff filed this action after returning from a neurologist appointment on August 28, 2013, where he learned that he had been taking Prednisone for too long, and that the neurologist had asked SCDC to refer Plaintiff to a pulmonary specialist back in 2010. (*Id*. at 4.) Plaintiff states that he suffers from sarcoidosis, glaucoma, and a stomach injury. (*Id*. at 6.)

Plaintiff filed his complaint on October 23, 2013, alleging that Defendant has not properly assessed Plaintiff's medical condition, and that the evidence shows Defendant has conspired to deny and intentionally interfere with Plaintiff's prescribed medication and treatment. (*Id*. at 6–8.) Plaintiff further alleges his grievances have not been processed or responded to, and that "Defendants [*sic*] has [*sic*] conspired to deny [Plaintiff] access to the court." (*Id.* at 5, 10.) Plaintiff seeks injunctive relief, including immediate outside treatment, as well as $100,000 in compensatory damages, and $100,000 in punitive damages. (*Id*. at 10, 11, 13.) Furthermore, Plaintiff seeks for this court to exercise its supplemental jurisdiction over his state law claims, and a non-jury trial. (*Id*. at 13.)

On May 30, 2014, Defendant filed his Motion for Summary Judgment (ECF No. 58), and on November 21, 2014, the Magistrate Judge issued the Report recommending the court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's action (ECF No. 64). In the

2

Report, the Magistrate Judge found that Plaintiff did not "offer[] any evidence that would support a finding that Defendant intentionally or recklessly disregarded Plaintiff's medical needs or access to medical care." (ECF No. 64 at 5.) Further, the Magistrate Judge found that Defendant should be granted qualified immunity and that Defendant is entitled to summary judgment under the Eleventh Amendment. (*Id*. at 9.) The Magistrate Judge also recommended that, because Defendant is entitled to summary judgment on Plaintiff's constitutional claims, the court should "decline to exercise supplemental jurisdiction over any claim to relief asserted pursuant to state law." (*Id*. at 8 (citing 28 U.S.C. § 1367(c)(3)).)

Plaintiff timely filed an Objection to the Report ("Objection") on December 8, 2014, and objected to the Magistrate Judge's findings regarding deliberate indifference to medical needs, qualified immunity, and immunity based upon the Eleventh Amendment. (ECF No. 66.) Defendant timely filed a Response to Plaintiff's Objection on December 29, 2014. (ECF No. 68.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the recommendation and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). "[W]hen objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *Braxton v. Estelle*, 641 F.2d 392 (5th Cir. 1981)).

*De novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpino*, 687 F.2d at 47 (citing *United States v. Mertz*, 376 U.S. 192, 84 S. Ct. 639, 11 L.Ed.2d 629 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980)). Merely restating arguments already heard and ruled upon by the Magistrate Judge is not a specific objection. *See Dreher v. South Carolina*, No. CIVA 6:06-1298 PMDWM, 2007 WL 691387, at *6 (D.S.C. Mar. 2, 2007). Furthermore, failure to timely file specific written objections to a recommendation will result in a waiver of the right to appeal from an order from the court based upon the recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v.*

4

*Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  However, the court will "not 'assume the role of advocate for the *pro se* litigant.'"  *Id*. (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**A. Deliberate Indifference to Medical Needs**

Plaintiff objects to the findings of the Magistrate Judge, contending that the Report "did not fully address [the] issues contained in plaintiff['s] 1983 civil action." (ECF No. 66 at 2.)  To support this contention, Plaintiff merely reiterates and restates the arguments and evidence already presented before the Magistrate Judge.  As such, Plaintiff has not specifically objected to the findings of the Magistrate Judge with respect to Deliberate Indifference to Medical Need. *See Dreher*, 2007 WL 691387, at *6.

Even if Plaintiff had raised a specific objection to these findings in the Report, Plaintiff has not presented sufficient evidence to prevent summary judgment on his cause of action for deliberate indifference to medical needs.  A charge of deliberate indifference to medical needs requires a plaintiff to prove that a defendant knew of and disregarded the plaintiff's objectively serious medical need.  *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

"[A] 'serious ... medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999)).

> Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983. The standard for § 1983 liability is deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 . . . (1976). Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged. *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir.1970).

*Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).  A prison official is deliberately indifferent to an inmate's medical need (1) if the official has actual knowledge of a risk of harm to the inmate due to the inmate's medical condition; and (2) if the official recognizes that his actions have been insufficient to mitigate the risk of harm to the inmate because of the inmate's medical needs.  *Iko*, 535 F.3d at 241 (citing *Young v. City of Mt. Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001); *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004)).

Even if Plaintiff's medical needs qualify as "serious," Plaintiff has presented no evidence that Defendant has been indifferent to Plaintiff's medical needs.  To the contrary, the record clearly indicates that Defendant has continued to treat Plaintiff for all of Plaintiff's ailments, and that Plaintiff merely disagrees with the treatment prescribed by Defendant.

**B. Qualified Immunity**

Plaintiff does not raise a specific objection to the finding in the Report that Defendant has qualified immunity other than to state "[q]ualified immunity is not appropriate."  (ECF No. 66 at 9.)  Even if Plaintiff had raised a cognizable objection to this finding in the Report, Defendant is entitled to qualified immunity.

Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citing *Procunier v. Navarette*, 434 U.S. 555, 565 (1978); *Wood v. Strickland*, 420 U.S. 308, 322 (1975)).  To determine whether qualified immunity is available to a defendant, the court must (1) determine whether the defendant violated a constitutional right of the plaintiff, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232

6

(2009) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). The district courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236. "If the right was not 'clearly established' in the 'specific context of the case'—that is, if it was not 'clear to a reasonable officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he confronted'—then the law affords immunity from suit." *Clem v. Corbeau*, 284 F.3d 543, 549 (4th Cir. 2002) (quoting *Saucier*, 533 U.S. at 201)).

The record reflects that, even if Plaintiff's constitutional or statutory rights were violated, Defendant performed his duties as a government employee in a reasonable manner and Defendant was not aware of the supposed violation of Defendant's rights. Therefore, Defendant is entitled to qualified immunity.

**C. Eleventh Amendment Immunity**

Plaintiff's sole objection to the Report regarding Eleventh Amendment immunity is that "Defendant is being sued in his individual capacity . . . ." (ECF No. 66 at 9.) "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citations omitted). "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of*

*the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) (citations omitted).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because Defendant was acting in his official capacity as a physician for the South Carolina Department of Corrections at all times relevant to this case, and because the State of South Carolina has not consented to be sued in this case, Defendant is entitled to immunity under the Eleventh Amendment.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 64).  It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 58) is **GRANTED** and this action is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2015
Columbia, South Carolina

8